### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-mc-00028-BCL |
| | ) | |
| BLVD PARTNERS, LLC ET AL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT COBRA SPECIAL RESPONSE TEAM LLC

Before the Court is Plaintiff Admiral Insurance Company's ("Admiral") Motion for Default Judgment against Defendant Cobra Special Response Team LLC ("Cobra"). Doc. 83. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

### BACKGROUND

This interpleader action was initiated by Admiral on July 10, 2025. Doc. 1. Admiral issued general liability policy no. CA000039120-04 (the "Policy") to named insureds BOULEVARD PARTNERS, LLC and BLVD Partners, LLC (collectively, "BLVD"). Doc. 83 at 2. Camika Rogers filed a lawsuit ("Rogers Suit") against BLVD, Cobra, and other entities, in her capacity as surviving spouse of Dale Rogers, who died on or about May 29, 2024. *Id*. Admiral is presently affording a defense to BLVD under the Policy. *Id*. Cobra had not been served in the Rogers Suit and has not requested a defense from Admiral in that suit. *Id*. However, Cobra may be a "claimant" to the Policy as defined by 28 U.S.C. § 1335 to the extent that it wishes to be defended and/or indemnified by BLVD in a manner that could be covered by the Policy. *Id*.

**LEGAL ANALYSIS**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55. This requires a two-step process. First, a plaintiff must request from the Clerk of Court an entry of default. Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for "a sum certain or a sum that can be made certain by computation," the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default judgment, the factual allegations of the complaint are accepted as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007).

Default judgment may be entered against a defendant who fails to answer an interpleader complaint. *Usable Life Co. v. Gann*, No. 1:09-cv-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009). "By failing to answer or otherwise defend his stake in the interpleader claim, the defaulting party forfeits his interest in the funds at issue in an interpleader action and his interest is terminated upon entry of a default judgment." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016).

As a preliminary matter, the Court must determine "whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 845 (E.D. Mich. 2006). Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. §1335(a)(1), which establishes federal jurisdiction for interpleader actions where, as here, there exists minimal diversity between adverse claimants and the amount in controversy exceeds $500. Doc. 1.

Cobra has had ample notice of the dispute and its need to appear. Admiral served Cobra on January 12, 2026. Doc. 79-2; *see* 28 U.S.C. § 2361 (authorizing nationwide service for statutory

2

interpleader actions). Cobra had 21 days after that to file its responsive pleading. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). When Cobra failed to answer, Admiral filed a Motion for Entry of Default on February 13, 2026. Doc. 79. The Clerk of Court entered default against Cobra on March 4, 2026. Doc. 81. To date, Cobra has not responded, defended, or otherwise appeared in this action.

Accordingly, the Court finds that default judgment is appropriate.

**SO ORDERED** this 11th day of May 2026.

s/Brian C. Lea
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

3